**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK, NJ**

| | |
|---|---|
| ROBERT HUNTER, | ) COMPLAINT FOR DAMAGES |
| | ) |
| Plaintiff, | ) Civil Action No.: _____ |
| | ) |
| vs. | ) **JURY TRIAL DEMANDED** |
| | ) |
| TAQUERIA DOWNTOWN and | ) |
| TOMAS RUIZ, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff, ROBERT HUNTER, by and through his attorneys, ROTHSTEIN LAW PLLC, complaining of the defendant, respectfully shows to the Court and alleges as follows upon information and belief:

## INTRODUCTION

1. Plaintiff, ROBERT HUNTER, files this action complaining of defendants for violations of the Americans with Disabilities Act, 42 U.S.C. Section 12182 et seq. (hereinafter "ADA") and the New Jersey Law Against Discrimination.

2. Plaintiff is a Navy veteran who suffers from post-traumatic stress disorder and major depressive disorder and uses a service animal in his daily life.

3. On or about October 29, 2018, plaintiff was denied service at TAQUERIA DOWNTOWN because he was accompanied by his service animal.

4. Plaintiff seeks declaratory relief, injunctive relief, compensatory and punitive damages and attorney's fees and costs against the defendants.

## PARTIES

5. Plaintiff is a resident of the state of New Jersey and resides at 280 Monmouth Street, Jersey City, NJ 07302.

6. At all times hereinafter mentioned, defendant, TAQUERIA DOWNTOWN, was and is a corporation incorporated under the laws of the State of New Jersey.

7. At all times hereinafter mentioned, defendant, TAQUERIA DOWNTOWN, was and is doing business in the State of New Jersey as a restaurant known as Taqueria Downtown or La Taqueria Downtown, located at 236 Grove Street, Jersey City, NJ 07302 (hereinafter "the premises").

8. At all times hereinafter mentioned, defendant, TOMAS RUIZ (hereinafter "RUIZ") is employed by defendant, TAQUERIA DOWNTOWN, as an owner or manager.

## JURISDICTION AND VENUE

9. This Court has Jurisdiction pursuant to the following statutes:

   a. 28 U.S.C. §1331 as this action arises under the Constitution, laws or treaties of the United States:

   b. 28 USC §1343 (3) and (4) which gives District Courts jurisdiction over actions to secure civil rights extended by the US government; and

   c. 28 USC §1367 which gives the District Court Supplemental jurisdiction over state law claims.

10. Venue is appropriate in this judicial District under 28 USC §1391(b) because the events that gave rise to this complaint occurred in this district.

## STATEMENT OF FACTS

11. On October 29, 2018, plaintiff went to the premises to eat accompanied by his service animal and another person.

12. At the premises, one of defendant, TAQUERIA DOWNTOWN's, employees, defendant, RUIZ, refused to serve plaintiff because of the presence of his dog.

13. Despite plaintiff explaining the Americans With Disabilities Act (ADA), and even showing defendant, RUIZ, a FAQ page about the ADA on his cell phone, RUIZ persisted in his refusal explaining that it was restaurant policy not to allow dogs.

14. The refusal to serve plaintiff because of his service dog was a clear violation of the ADA and the New Jersey Law Against Discrimination.

15. As a result of RUIZ' refusal to serve plaintiff, he, his service dog, and his friend left the premises without eating.

### AS AND FOR A FIRST CAUSE OF ACTION (VIOLATIONS UNDER THE AMERICANS WITH DISABILITIES ACT ("ADA"))

16. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

17. Plaintiff is considered a disabled individual within the meaning of the Americans with Disabilities Act.

18. The premises is a place of public accommodation within the definition of that term provided in 28 C.F.R. Section 36.104.

19. Defendant, TAQUERIA DOWNTOWN, discriminated against the plaintiff and other individuals who use service animals in the following respects:

   a. Attempted on multiple occasions to, and did, restrict access into the premises by person(s) who rely on service animals.

   b. Verbally harassed person(s) who rely on service animals and who protest the defendant's efforts to restrict access into the premises.

   c. Failed to adequately train management and supervisory employees in the rights of individuals who use service animals to enter into and use its diner

       with the service animals.

    d. Failed to develop adequate policies that reflect the legal rights of individuals who use service animals to enter into and use its diner with their service animals.

    e. Failed to adequately implement and follow its policies and training procedures related to individuals with disabilities who use service animals.

20. Plaintiff obtained his service dog in or about March of 2014.

21. The failure of the defendant, TAQUERIA DOWNTOWN, to make reasonable modifications to its policies and practices to ensure that plaintiff can enter into the premises free from discrimination violates the ADA.

22. Plaintiff, accompanied by his service dog, wishes to dine at the TAQUERIA DOWNTOWN in the future and will do so when the defendant, TAQUERIA DOWNTOWN, ceases to discriminate against individuals who use service animals.

23. Although the ADA was signed into law on July 26, 1990, it became effective on January 26, 1992, the 18 month time lag between passage of the ADA and its effective date was created by Congress to provide owners and operators of places of public accommodation with time to investigate means and costs of compliance with the ADA and to complete all changes required by the law.

24. Defendant, TAQUERIA DOWNTOWN's, violation of the ADA caused plaintiff anger and emotional distress.

25. Defendant, TAQUERIA DOWNTOWN's, intentional acts warrant punitive damages.

### AS AND FOR A SECOND CAUSE OF ACTION (VIOLATIONS UNDER THE NEW JERSEY LAW AGAINST DISCRIMINATION)

26. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

27. Plaintiff is considered a disabled individual within the meaning of New Jersey Law Against Discrimination.

28. Defendant, TAQUERIA DOWNTOWN's, violation of the New Jersey Law Against Discrimination caused plaintiff anger and emotional distress.

29. Defendant, TAQUERIA DOWNTOWN's, intentional acts warrant punitive damages.

### AS AND FOR A THIRD CAUSE OF ACTION (CLAIM AGAINST RUIZ UNDER NEW JERSEY LAW AGAINST DISCRIMINATION)

30. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

31. Defendant, RUIZ, is the owner/manager who made the decision to not service plaintiff.

32. Defendant, RUIZ, aided defendant, TAQUERIA DOWNTOWN, in performing the wrongful act, which caused injury to plaintiff.

33. Defendant, RUIZ, was as aware of his role in the overall activity when he provided the assistance.

34. Defendant, RUIZ, knowingly and substantially assisted the violation.

35. Defendant, TAQUERIA DOWNTOWN's, intentional acts warrant punitive damages.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (DECLARATORY JUDGMENT)

36. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

37. In order to seek civil fines and penalties if the defendants continue to violate the ADA, plaintiff seeks a declaratory judgment holding that defendants violated the ADA.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (ATTORNEY FEES AND COSTS)

38. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

39. Under the ADA, plaintiff, is entitled to an award for legal fees and costs, including expert fees.

WHEREFORE, the plaintiff requests that this Court enter a judgment in their favor for:

a. Compensatory damages in whatever amount in excess of $1,000,000.00, exclusive of costs and fees that it is found that plaintiff is entitled to;

b. Punitive/exemplary damages in excess of whatever amount, exclusive of costs and interest that plaintiff is found entitled to;

c. An award of interest, costs, and reasonable attorneys' fees;

d. Any and all other remedies provided by the ADA, the NJLAD, and the US Constitution and laws of the state of New Jersey;

      e.      Such other and further relief as this court deems appropriate.

Dated: New York, New York
       February 4, 2019

                                             /s/ Eric E. Rothstein
                                             Eric E. Rothstein, Esq.
                                             Rothstein Law PLLC
                                             The Woolworth Building
                                             233 Broadway, Suite 900
                                             New York, NY 10279
                                             (212) 577-9797

**Case No.:**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

ROBERT HUNTER,

                Plaintiff,

      -against-

TAQUERIA DOWNTOWN and THOMAS RUIZ,

                Defendants.

**COMPLAINT**

**ROTHSTEIN LAW PLLC**
Attorney for **Plaintiff**
The Woolworth Building
233 Broadway, Suite 900
New York, New York 10279
212-577-9797